Hillsborough-southern judicial district
No. 2001-032

GEORGIA PALMER

v.

NAN KING RESTAURANT, INC.

Argued: February 13, 2002
Opinion Issued: May 7, 2002

*Winer and Bennett, LLP*, of Nashua (*Peter G. Webb* on the brief and orally), for the plaintiff.

*Kenna, Johnston & Sharkey, P.A.*, of Manchester (*Richard F. Johnston* on the brief and orally), for the defendant.

NADEAU, J. The plaintiff, Georgia Palmer, appeals from an order of the Superior Court (*Hollman*, J.) granting summary judgment to the defendant, Nan King Restaurant, Inc. The trial court's decision was based upon the conclusion that the plaintiff, seeking recovery for emotional distress under a traditional negligence theory, was unable to demonstrate that her emotional injury was also accompanied by some physical manifestation. We affirm in part and remand in part.

For the purposes of summary judgment, the trial court found the following relevant facts. On April 25, 1997, the plaintiff purchased food for take-out from the defendant. While eating the food, the plaintiff bit into a used "band-aid." The plaintiff experienced physical and mental revulsion, as well as "extreme anxiety" that she may have contracted an infectious disease.

Several days later, the plaintiff visited her doctor and communicated her concern that she might have contracted an infectious disease. Her doctor attempted to alleviate her anxiety, telling her that it was "highly unlikely" that she would contract an infectious disease from this incident. The plaintiff tested negative for both the human immunodeficiency virus (HIV) and hepatitis. Nevertheless, the plaintiff's doctor contemporaneously described the plaintiff as "having anxiety and being emotionally distraught." The plaintiff made no additional claim that she suffered any physical injury.

The plaintiff subsequently filed suit, alleging negligence, products liability and breach of warranty claims. The defendant moved for summary judgment and on November 15, 2000, the trial court granted the motion, finding that there was no evidence that the plaintiff had experienced any physical injury resulting from her anxiety. The plaintiff filed motions for reconsideration, which the trial court denied on December 13, 2000. This appeal followed.

In reviewing a grant of summary judgment, we look at the affidavits and other evidence, and all inferences properly drawn therefrom, in the light

most favorable to the non-moving party. *See Del Norte, Inc. v. Provencher*, 142 N.H. 535, 537 (1997). If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. *See N.E. Tel. & Tel. Co. v. City of Franklin*, 141 N.H. 449, 452 (1996). We consider a disputed fact "material" for purposes of summary judgment if it affects the outcome of the litigation under the applicable substantive law. *See id.* Our review of the trial court's application of the law to the facts is *de novo*. *See Del Norte, Inc.*, 142 N.H. at 537.

On appeal, the plaintiff argues that: (1) freedom from emotional distress is a fundamental interest, and therefore recovery for emotional distress is available without physical manifestation; (2) because the "band-aid" in the plaintiff's mouth constituted physical impact, an emotional distress claim need not be predicated upon physical symptoms of her anxiety; (3) the plaintiff demonstrated, through the affidavit of an expert witness, the physical manifestation of her emotional distress; and (4) the trial court's ruling ignored the plaintiff's claims for products liability and breach of warranty.

The plaintiff first argues that "tranquility of mind" is a fundamental interest protected by the State Constitution. She contends that emotional distress is recognized as compensable in a variety of torts; only when a plaintiff seeks to recover for emotional distress under a traditional negligence theory must a physical manifestation of that anxiety be demonstrated. The plaintiff argues that the public policy considerations underlying this distinction, namely, the fear that allowing plaintiffs to recover for emotional distress absent some sort of physical manifestation would "open a wide door for unjust claims, which could not successfully be met," has not been realized. *Chiuchiolo v. New England &c. Tailors.*, 84 N.H. 329, 334 (1930) (quotation omitted). Therefore, allowing plaintiffs to recover for emotional distress, absent physical symptoms, would further a more pressing public policy interest. In sum, the plaintiff is asking this court to reconsider settled law. We decline.

In *Thorpe v. State*, 133 N.H. 299 (1990), we settled the question of recovery for mental distress under a theory of negligence by holding that "before a plaintiff can recover damages for emotional distress pursuant to a negligence cause of action, he or she must prove that physical injury resulted therefrom." *Id.* at 304; *see also Chiuchiolo*, 84 N.H. at 337-38; *Corso v. Merrill*, 119 N.H. 647, 652-53 (1979). Despite the plaintiff's attempts to reinterpret the applicable case law, our decision in *Thorpe* controls the outcome of this case.

■ Likewise, in *Thorpe* we disposed of the plaintiff's argument that physical impact rendered the physical manifestation requirement irrelevant. "While the plaintiff may be correct that [there was] impact, he did not charge the defendants with liability for personal injury; hence, he cannot recover . . . ." *Thorpe*, 133 N.H. at 303. Similarly in this case, the plaintiff, suffering no physical injury, did not charge the defendant with liability for personal injury and therefore cannot recover. Therefore, regardless of physical impact, in order to recover for emotional distress under a traditional negligence theory, the plaintiff must demonstrate physical symptoms of her distress.

■ The plaintiff next argues that summary judgment was in error because expert evidence was presented that she experienced physical symptoms related to her emotional distress. The plaintiff's doctor concluded that she was "quite concerned and distressed," "anxious and emotionally distraught" and in his professional opinion, "her anxiety represented true emotional distress." In *Corso* we held that "[t]he emotional harm, however, cannot be insignificant. Recovery is not to be permitted for mere upset, dismay, humiliation, grief and anger. The emotional harm must be a painful mental experience with lasting effects." *Corso*, 119 N.H. at 652-53 (citations and quotations omitted). While we do not question the sincerity of the plaintiff's anxiety, recovery for mental angst, absent additional objectively verifiable physical symptoms, is inconsistent with our prior case law. In *Kenney v. Wong Len*, a case remarkably similar to this one, we allowed for the recovery of emotional distress where the plaintiff, while a customer at the defendant's restaurant, ate food containing a dead mouse. *See Kenney v. Wong Len*, 81 N.H. 427 (1925). However, in *Kenney*, "the evidence show[ed] conclusively that the plaintiff sustained physical suffering at the time of the injury. Finding the mouse in her mouth made her sick immediately and so as to require the services of a physician." *Kenney*, 81 N.H. at 433.

■ Finally, the plaintiff made reference to products liability and breach of warranty causes of action in her pretrial statement. She contends that a physical manifestation requirement is not applicable to her products liability and breach of warranty claims and therefore the trial court's granting of summary judgment was in error. Plaintiff's negligence claim seeks recovery for the emotional distress that she suffered as a result of her encounter with the "band-aid." As the plaintiff has failed to specify otherwise, we can only assume that her products liability claim seeks recovery for the same psychic injury. For a plaintiff to successfully

maintain a products liability claim, based upon the negligent actions of the defendant, the plaintiff must demonstrate all that is required to prove the underlying negligence action. *See* 63 AM. JUR. 2d *Products Liability* § 206 (1996). As we have determined above, the plaintiff is unable to make a claim for emotional distress under a traditional negligence theory. Therefore, a products liability claim, based upon the negligence of the defendant, is equally untenable.

The plaintiff also seeks damages for breach of warranty, pursuant to RSA 382-A:2-715 (1994). A review of the trial record indicates that the trial court did not specifically address the breach of warranty claim. Accordingly we remand for the limited purpose of consideration of the plaintiff's breach of warranty claim.

*Affirmed in part; remanded in part.*

DALIANIS and DUGGAN, JJ., concurred.