Daniel PLOURDE, Margaret Plourde, Andre Plourde, and Daniele Plourde, Daniel and Margaret Plourde as parents and next best friends of their minor son and daughter, Plaintiffs–Appellants,

v.

Walter GLADSTONE, Craig W. Trischman and Twin State Fertilizer, Inc., Defendants–Appellees.

No. 02–9136.

United States Court of Appeals, Second Circuit.

June 27, 2003.

R. Bradford Fawley, Downs, Rachlin & Martin PLLC, Brattleboro, VT, for Appellants.

Richard P. Foote, Conley & Foote, Middlebury, VT, for Appellee Walter Gladstone.

John A. Serafino, Ryan Smith & Carbine, Ltd., Rutland, VT, for Appellees Craig W. Trischman and Twin State Fertilizer, Inc.

PRESENT: WALKER, Chief Judge, CARDAMONE, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

■ Plaintiffs-appellants, the Plourdes, bring this toxic tort action against defendants-appellees Walter Gladstone, Craig W. Trischman, and Twin State Fertilizer, Inc., for the effects of their herbicide sprayings in 1999 and 2000. We presume familiarity with the facts from the district court opinions. *See Plourde v. Gladstone,* 190 F.Supp.2d 708 (D.Vt.2002) (*"Plourde I"*); *Plourde v. Gladstone,* No. 00–Civ–194 (D.Vt. July 11, 2002) (*"Plourde II"*). The district court first granted the defendants' motion to exclude the testimony of Dr. Robert K. Simon. *Plourde I,* 190 F.Supp.2d at 709–10. Next, in *Plourde II,* the district court granted the defendants' motion for summary judgment as to Counts I (Conspiracy to Commit Fraud), II (Fraud), III (Intentional Personal Injury), IV (Battery), V (Intentional Infliction of Emotional Distress), VI (Negligent Infliction of Emotional Distress), VII (Estoppel Based on Spoliation of the Evidence), and IX (Intentional Trespass), but denied the defendants' motion as to Counts VIII (Nuisance), X (Negligence), and XI (Injunctive Relief). The Plourdes then moved to dismiss the remaining claims (Counts VIII, X, and XI) with prejudice, and the district court granted that motion.

First, the Plourdes argue that the district court erred in dismissing Counts VIII, X, and XI with prejudice, because the Plourdes believed that they had not moved to dismiss the claims for property damage based on theories of negligence and nuisance. The Plourdes, however, state that "[t]he purpose of the[ir] voluntary dismissal was to obtain the right to take an immediate appeal of the Rulings on the Merits," and they acknowledge the Second Circuit case law that such dismissal entails the abandonment of all the remaining claims with prejudice. *Chappelle v. Beacon Communications Corp.,* 84 F.3d 652, 654 (2d Cir.1996); *Atlanta Shipping Corp. v. Chemical Bank,* 818 F.2d 240, 246 (2d Cir.1987). The Plourdes cite nothing in the record to indicate that they did not intend to dismiss the remaining claims entirely. Whatever their intentions were in moving to dismiss, they still pursue this appeal of summary judgment, and they cannot have it both ways. The district court properly dismissed Counts VIII, X, and XI.

Second, the Plourdes contend that the district court erred in excluding their expert witness Dr. Simon. We review a district court's determination to admit or exclude expert testimony for abuse of discretion. *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Dr. Simon is a toxicologist and not a medical doctor, and his expert testimony would have analyzed medical diagnoses using the highly specialized method of "differential diagnosis." For the reasons given in its published opinion, we find that the district court did not abuse its discretion in determining that Dr. Simon was not properly qualified under Fed.R.Evid. 702 to offer such medical opinions or under Fed.R.Evid. 703 to rely on hearsay (other doctors' diagnoses). *Plourde I,* 190 F.Supp.2d at 719–20.

■ Third, the Plourdes argue that the district court erred in granting summary judgment in favor of the defendants for most of their torts claims. We find that the district court properly dismissed the claims of fraud and conspiracy to commit fraud because there was no harm from any alleged fraud to conceal the names of the herbicides that were sprayed. It is undis-

puted that the state informed the Plourdes that the defendants had sprayed Command, and there is no evidence that any other herbicides drifted as a result of the 1999 sprayings. The defendants' full disclosure to the state undercuts the Plourdes' argument that the defendants were conspiring to conceal such information. The Plourdes offer no evidence to support Count VII, spoliation of the evidence, that the defendants interfered in any way with the Plourdes' ability to gather or test evidence.

■ The district court correctly dismissed Counts III, IV, and IX (intentional personal injury, battery, and intentional trespass) because there is no evidence to suggest that the defendants were "substantially certain" that the sprayings would "result in injury," especially considering that Gladstone sprayed herbicides on his fields during the 1998 season with no physical evidence or complaint of drift or contamination of the Plourde farm, and in 2000, the defendants chose a herbicide with a lower propensity to drift. *Thompson v. Forest*, 136 N.H. 215, 614 A.2d 1064, 1067–68 (1992); *cf.* Restatement (Second) of Torts § 13 (1965). The claim of intentional infliction of emotional distress was properly dismissed for the same reason, in addition to the fact that the conduct was not "extreme and outrageous." *Morancy v. Morancy,* 134 N.H. 493, 593 A.2d 1158, 1159 (1991) (quoting Restatement (Second) of Torts § 46 (1965)). The district court correctly dismissed the claim of negligent infliction of emotional distress, which requires a showing of "harm ... susceptible to some form of objective medical determination and proved through qualified medical witnesses." *Corso v. Merrill,* 119 N.H. 647, 406 A.2d 300, 304 (1979). Physical symptoms must be "objectively verifiable." *Palmer v. Nan King Rest.,* 147 N.H. 681, 798 A.2d 583, 586 (2002). The Plourdes

rely on medical evidence from the depositions of Dr. Speck and Dr. Drukteinis, but those depositions merely recount symptoms the Plourdes had reported to the doctors, and there is no objective medical determination or verification cited in the record. Moreover, Daniel Plourde exhibited many of these symptoms, such as depression and sore joints, before the 1999 sprayings, and they cannot be linked causally to the sprayings.

Finally, we note that the plaintiffs' briefs exasperatingly failed to comply with Fed. R.App. P. 28(e), which requires that references to the record must "be to the pages of the appendix." Instead, the plaintiffs repeatedly cite their own summary and conclusory statements in their motion opposing summary judgment before the district court, rather than the appendix. For example, to support the key claim that the Plourdes demonstrated physical symptoms from the sprayings, page 52 of the plaintiffs' brief cites the motion opposing summary judgment, which in turn cites the deposition testimony of Dr. Drukteinis and Dr. Speck without any reference to where these depositions could be found in the joint appendix. Nor is the table of contents in the appendix of any use, as it gives page numbers only for some of the trial court motions that are included in the appendix, and neither lists nor gives page numbers for the hundreds of other documents included. It was an unwarranted burden for the court to search through an appendix of 1,851 pages to find these depositions, only to discover that these depositions established less than what the plaintiffs claimed. This pattern was more common than not throughout the plaintiffs' briefs and we admonish the plaintiffs' counsel to better serve their clients and the courts with proper citations.

For the foregoing reasons, the judgment of the district court is AFFIRMED.