Cheshire
No. 2007-177

JOSEPH BATES

v.

PHENIX MUTUAL FIRE INSURANCE COMPANY

Argued: October 18, 2007
Opinion Issued: February 13, 2008

*Bragdon & Berkson, P.C.*, of Keene (*H. Neil Berkson* and *Kelly E. Dowd* on the brief, and *Mr. Berkson* orally), for the plaintiff.

*Aten Clayton & Eaton PLLC*, of Littleton (*Keith Aten* on the brief and orally), for the defendant.

BRODERICK, C.J. The plaintiff, Joseph Bates, appeals an order of the Superior Court (*Arnold*, J.) granting summary judgment to the defendant, Phenix Mutual Fire Insurance Company (Phenix Mutual). We affirm.

The following facts are undisputed. Route 123 is a state route that descends into the center of Alstead. Warren Brook runs parallel to Route

123 in this section. Cooper Hill Road runs perpendicular to, and connects to, Route 123. Cooper Hill Road runs over Warren Brook, with Warren Brook passing under the road by way of a culvert.

In October 2005, southwestern New Hampshire experienced unprecedented rainfalls within a short period of time. When the heavy rains fell, the increased volume in Warren Brook overwhelmed the culvert at Cooper Hill Road, and the area immediately uphill from the road filled with an extraordinary volume of water. The elevated Cooper Hill Road began to act as a temporary dam, holding back increasing amounts of water. The water eventually burst through the road near the area of the culvert, releasing a surge of water into the downstream valley. This surge of water damaged the plaintiff's real and personal property located on Forest Road.

The plaintiff's properties were insured by Phenix Mutual. Phenix Mutual denied coverage under the policy and the plaintiff brought a declaratory judgment action, asserting that the damage to his properties was "directly caused by the explosion of the road and that the explosion occurred as a result of the pressure of water." Phenix Mutual moved for summary judgment, arguing that the policy precludes coverage because the loss was proximately caused by flood, not by explosion. The plaintiff filed a cross-motion for summary judgment. The trial court granted Phenix Mutual's summary judgment motion, ruling that the collapse of the road was not an "explosion," and, regardless of whether the term "explosion" applies to the facts of this case, the damage to the plaintiff's property was caused entirely by water, an excluded cause, and was not proximately caused by the "explosion."

On appeal, the plaintiff argues that the trial court erred: (1) in holding that the failure of the roadway was not an explosion under the provisions of the policy; (2) in finding that the loss was not subject to the ensuing loss provision; and (3) in finding that the water exclusion in the insurance policy applied to his loss.

"In reviewing a grant of summary judgment, we look at the affidavits and other evidence, and all inferences properly drawn therefrom, in the light most favorable to the non-moving party." *Palmer v. Nan King Restaurant*, 147 N.H. 681, 682-83 (2002). "If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment." *Id.* at 683. "We consider a disputed fact 'material' for purposes of summary judgment if it affects the outcome of the litigation under the applicable substantive law." *Id.* "Our review of the trial court's application of the law to the facts is *de novo*." *Id.*

Under the insurance policy, Phenix Mutual agreed to pay for certain enumerated "covered causes of loss." The policy defines "explosion," a covered cause of loss, as

> including the explosion of gases or fuel within the furnace of any fired vessel or within the flues or passages through which the gases of combustion pass. This cause of loss does not include loss or damage by:
>
> a. Rupture, bursting or operation of pressure relief devices; or
>
> b. Rupture or bursting due to expansion or swelling of the contents of any building or structure, caused by or resulting from water.

Under "exclusions," the policy states:

> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
> . . . .
>
> g. Water
>
>> (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
>>
>> (2) Mudslide or mudflow;
>>
>> (3) Water that backs up or overflows from a sewer, drain or sump; or
>>
>> (4) Water under the ground surface pressing on, or flowing or seeping through:
>>
>>> (a) Foundations, walls, floors or paved surfaces;
>>>
>>> (b) Basements, whether paved or not; or
>>>
>>> (c) Doors, windows or other openings.
>>
>> But if Water, as described in g.(1) through (4) above, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage.

"The interpretation of insurance policy language is a question of law for this court to decide. The fundamental goal of interpreting an insurance policy, as in all contracts, is to carry out the intent of the contracting parties. To discern the parties' intent, we first examine the language of the contract itself." *Tech-Built 153 v. Va. Surety Co.*, 153 N.H. 371, 373 (2006) (quotation and citations omitted). "In interpreting policy language, we look to the plain and ordinary meaning of the policy's words in context. We construe the terms of the policy as would a reasonable person in the position of the insured based upon more than a casual reading of the policy as a whole." *Broom v. Continental Cas. Co.*, 152 N.H. 749, 753 (2005) (citation omitted). "Policy terms are construed objectively, and where the terms of a policy are clear and unambiguous, we accord the language its natural and ordinary meaning. We need not examine the parties' reasonable expectations of coverage when a policy is clear and unambiguous; absent ambiguity, our search for the parties' intent is limited to the words of the policy." *Oliva v. Vt. Mut. Ins. Co.*, 150 N.H. 563, 566 (quotations and citations omitted). "The fact that the parties may disagree on the interpretation of a term or clause in an insurance policy does not create an ambiguity." *Id.* (quotation omitted).

The plaintiff argues that the failure of the culvert under Cooper Hill Road and the resulting collapse of the roadway was an "explosion" under the policy because it was caused by a sudden release of energy in the form of movement of water. Alternatively, the plaintiff argues that to the extent that "explosion" is reasonably susceptible to more than one interpretation, the policy must be construed in favor of the insured and against the insurer. Phenix Mutual argues that the term "explosion" does not apply where natural elements acted, over time, to overwhelm and overflow the culvert and, further, that the policy excludes coverage for loss or damage caused directly or indirectly by water.

■ The trial court concluded that the term "'explosion,' by any reasonable reading of the Policy, does not include the factual circumstances here," and declined to find coverage. We need not reach this issue, however, because we agree with the trial court's further conclusion that regardless of whether the failure of the culvert and Cooper Hill Road can be characterized as an "explosion," the policy precludes coverage because the loss was caused by flood, not by explosion. Consequently, we need not decide if the term "explosion," as used in the policy is ambiguous, and we note that a court will not create an ambiguity simply to construe the policy against the insurer. *Int'l Surplus Lines Ins. Co. v. Mfgs. & Merchants Mut. Ins. Co.*, 140 N.H. 15, 20 (1995).

◼ Accordingly, assuming without deciding, that the collapse of Cooper Hill Road was an "explosion," the policy's water exclusion applies to preclude coverage. The policy specifically excludes "loss or damage caused directly or indirectly" by water "regardless of any other cause or event that contributes concurrently or in any sequence to the loss." The plaintiff does not argue that his property damage was caused by anything other than water. Indeed, as the trial court noted, the plaintiff "appears to concede that water indirectly caused the damage to his properties." We agree with the trial court's finding that "it is undisputed that the rain-induced flood or overflow of Warren Brook either directly or indirectly caused damage to the [plaintiff's] properties. . . . Thus, the water exclusion would apply to preclude coverage."

◼ In addition, the ensuing loss provision does not provide coverage for damage caused by water. Rather, that provision states that "if Water, as described in g.(1) through (4) above, results in fire, explosion, or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage." The plain and ordinary meaning of these words as set forth in the context of the policy is that if water had caused fire, explosion, or sprinkler leakage on the plaintiff's property, the damage resulting from such fire, explosion or sprinkler leakage would be covered by the policy. Thus, the provision is specifically limited to coverage for certain secondary losses—fire, explosion, or sprinkler leakage—caused by water. As the trial court stated, "[a]s demonstrated by the exemptions found in the 'explosion' clause and the water exclusion, this Policy is designed to ensure that Phenix does not become a flood insurer. To apply the ensuing loss provision to provide coverage for what is essentially a flood would subvert the intent of the parties."

Even if we assumed that the collapse of Cooper Hill Road was an explosion, neither party has argued that the damage here was caused by, for example, dirt, rocks, or broken pavement from that collapse. Instead, both parties maintain that the cause of damage to the plaintiff's properties was water. The policy specifically excludes damage caused by "[f]lood, surface water . . . overflow of any body of water," "[w]ater that backs up or overflows from a sewer, drain or sump" or "[w]ater under the ground surface pressing on, or flowing or seeping through . . . paved surfaces." Because loss or damage caused by water is an excluded cause of loss, the policy did not cover the damage and the trial court correctly granted Phenix Mutual's motion for summary judgment.

*Affirmed.*

DALIANIS, DUGGAN and GALWAY, JJ., concurred.