Rockingham
No. 2011-385

MARC BROWN & a.

v.

CONCORD GROUP INSURANCE COMPANY

Argued: January 18, 2012
Opinion Issued: April 20, 2012

*Hoefle, Phoenix, Gormley & Roberts, P.A.*, of Portsmouth (*Lawrence B. Gormley* and *Matthew G. Stachowske* on the brief, and *Mr. Stachowske* orally), for the plaintiffs.

*Wiggin & Nourie, P.A.*, of Manchester (*Doreen F. Connor* on the brief and orally), for the defendant.

DALIANIS, C.J. The plaintiffs, Marc and Laurie Brown, appeal an order of the Superior Court (*McHugh,* J.) granting summary judgment to the defendant, Concord Group Insurance Company (Concord Group), in the plaintiffs' insurance coverage action. We reverse and remand.

The following facts are taken from the record. In 2003, Eugene Spencer, the insured, built a house located at 4 Whortleberry Island in Tuftonboro. The plaintiffs purchased the house in 2005 from then-owner Michael Rogers. Two years later, in 2007, the plaintiffs discovered water leaking into the house near a sliding glass door. They contacted Spencer to repair the problem.

Spencer removed the exterior siding near the sliding door and discovered black mold. He also discovered what he thought was the source of the leak. He installed flashing on the windows near the leak, and applied bituthene to the exposed wall to protect it from ice and water. He then reinstalled the siding. It took him a total of four hours to complete the job and he charged the plaintiffs $1,000.

In the summer of 2009, the plaintiffs again observed evidence of water leaking into the house near the same sliding door. This time, they contacted Daniel Lewis to investigate the problem. Lewis removed all of the exterior siding near the relevant area and observed substantial water damage to the wood behind the siding, including damage to structural components. In a deposition, plaintiff Marc Brown testified that "the water was still getting into the wall. . . . [The water] was behind the ice and water shield, so [the wall] was staying wet as opposed to drying out." He also testified that the damage was caused by additional leaks that Spencer did not discover during his 2007 repair and that Spencer probably would have discovered those leaks if he had removed all of the siding on the wall. The damage required extensive repair work, costing the plaintiffs $16,205.

At all relevant times, Concord Group insured Spencer under a Commercial General Liability policy. Spencer's policy provides coverage for "property damage" caused by an "occurrence," which the policy defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy, however, does not cover " '[p]roperty damage' to 'your work' arising out of ['your work'] or any part of ['your work'] and included in the 'products-completed operations hazard.' "

In 2010, the plaintiffs filed a petition for declaratory judgment, alleging that Spencer defectively repaired their house and that Concord Group is

required to insure against the resulting damage. Concord Group filed a motion for summary judgment. The plaintiffs objected and filed a cross-motion for summary judgment.

The plaintiffs argued that the policy provides coverage because Spencer negligently repaired their house in 2007 and the damage in 2009 would not have occurred but for his negligence. Relying upon our case law, Concord Group argued that the property damage at issue was not caused by an "occurrence" because, regardless of whether the damage was to Spencer's 2003 original construction of the home or his 2007 repairs, "Spencer's defective work has not caused damage to property other than his work product." The plaintiffs disagreed, arguing that the damage at issue was to the 2003 completed work product and was caused by the 2007 negligent repairs.

Concord Group further argued that the "your work" exclusion bars recovery because any damage caused by Spencer's 2007 repair work was damage to "his work" — the original 2003 work on the construction of the house. The plaintiffs argued that the "your work" clause does not "combine both the initial construction and subsequent construction into one act." Thus, according to the plaintiffs, although the damage was to Spencer's previous 2003 work, it is not excluded under the "your work" clause because it was caused by Spencer's subsequent 2007 repair work, a separate act, distinct from his 2003 original construction of the house.

The court granted summary judgment in favor of Concord Group. The court first explained that it did not agree with the plaintiffs' interpretation of the "your work" exclusion.

> The Court does not read the insurance policy as indicating that the first time a person performs construction constitutes "your work," and any subsequent work is not considered "your work." The plain language of the policy states that "your work" is "work . . . performed by you." There is no qualification on that language, or limitation on when that work must occur. Thus, both the work completed in 2003 and the 2007 repair constitutes [*sic*] "your work" under the policy, and are excluded from coverage absent any policy exceptions.

The court then stated that there was no evidence that the 2007 work caused the damage in 2009, and that the evidence indicated that the problem originated with the original 2003 construction. The court concluded that the damage was not covered by the "occurrence" provision because it was property damage to Spencer's work product.

On appeal, the plaintiffs reiterate the arguments they made in the trial court. "We review *de novo* the trial court's application of the law to the facts

in its summary judgment ruling." *Progressive N. Ins. Co. v. Concord Gen. Mut. Ins. Co.*, 151 N.H. 649, 652 (2005). We consider all of the evidence presented in the record, and all inferences properly drawn therefrom, in the light most favorable to the non-moving party. *Id.* "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." *Id.* A fact is material if it affects the outcome of the litigation under the applicable substantive law. *Palmer v. Nan King Restaurant*, 147 N.H. 681, 683 (2002).

We address the issues in the order addressed by the trial court, and thus first analyze the "your work" exclusion. If "your work" includes both the 2003 and 2007 work, then there is no material dispute of fact with regard to the "your work" exclusion. Under such a construction, even if we assumed that the plaintiffs are correct that the damage in 2009 was caused by the 2007 repair work, their claim would still be barred because the damage in 2009 was done to Spencer's 2003 original construction of the house. In the words of the policy, the damage would be excluded because it was damage to "your work" (the 2003 construction of the house) and was caused by "your work" (the 2007 repair work). Therefore, we must interpret the clause to determine whether it encompasses both the 2003 and 2007 work.

■ "The interpretation of insurance policy language is a question of law, which we review *de novo.*" *Webster v. Acadia Ins. Co.*, 156 N.H. 317, 319 (2007). "Our analysis necessarily begins with an examination of the policy language." *Id.* "We construe the language as would a reasonable person in the position of the insured based upon a more than casual reading of the policy as a whole." *Id.* "Policy terms are construed objectively; where the terms are clear and unambiguous, we accord the language its natural and ordinary meaning." *Id.*

Here, the policy excludes coverage for the following:

## I. Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

The policy defines "your work" as "[w]ork or operations performed by you or on your behalf" and "[m]aterials or equipment furnished in connection with such work operations." It also includes "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work.'" Thus, the "your work" exclusion is triggered only if (1) the damage at issue is to work performed by "you" and

is caused by work performed by "you," *and* (2) the damage is included in the "products-completed operations hazard."

The policy defines "products-completed operations hazard," in relevant part, as:

> [A]ll "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
> (1) Products that are still in your physical possession; or
>
> (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>
> (a) When all of the work called for in your contract has been completed.
>
> (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
>
> (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
>
> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

According to this language, damage falls within the "products-completed operations hazard" only if the damage is to work that has been completed, as defined by the clause. *See Mosser Const., Inc. v. The Travelers Indem.,* 430 Fed. Appx. 417, 418 (6th Cir. 2011). Therefore, the second requirement of the "your work" exclusion requires the work to be completed.

■ This leads to the conclusion that "your work" does have a limitation in that it contemplates discrete jobs that have an endpoint. Indeed, the policy provides a detailed explanation of when "your work" shall be deemed completed. Although this explanation is contained in the "products-completed operations hazard" definition and not in the "your work" definition, it is nevertheless germane to the meaning of "your work" because the "products-completed operations hazard" is an explicit element of the exclusion itself. We thus hold that the "your work" exclusion does not uniformly apply to all work ever performed by "you," but rather excludes

coverage on a job-by-job basis, with individual jobs being demarcated by their completion as explained in the "products-completed operations hazard." Accordingly, the "your work" exclusion does not necessarily exclude coverage in a situation where an insured's work causes damage to something the insured had previously constructed. If the previous work has been completed, then it is not part of the "work" at issue — the current work that caused the damage to the previous work — and thus the damage would not be excluded under the "your work" exclusion.

This interpretation is supported by the "your work" definition itself. "Your work" explicitly includes "[w]arranties or representations made *at any time*." This "at any time" language is conspicuously absent from the first portion of the definition — "work or operations performed by you." Had Concord Group intended "your work" to mean work performed at any time without regard to completed jobs, it could have included that language in the relevant part of the definition. *See State v. McDonald*, 163 N.H. 115, 127 (2011) ("The legislature could have permitted the use of deadly force against any 'aggravated felonious sexual assault' by using that term in the self-defense statute. Indeed, the legislature has used the specific phrase 'aggravated felonious sexual assault' in other statutes.").

Thus, for the purpose of Spencer's 2007 repairs under the "your work" exclusion, Spencer's work only includes his 2007 repairs, not his original construction work in 2003. The 2003 construction was a separate act, distinct from the 2007 repair, and the 2003 construction was evidently completed in 2003. As such, if the damage at issue was caused by Spencer's 2007 repair, the "your work" exclusion would exclude coverage for damage to that repair, but would not exclude coverage for damage to Spencer's 2003 work. On the other hand, if the damage at issue was caused by Spencer's 2003 original construction, the "your work" exclusion would exclude coverage for any damage to that construction, which would apparently foreclose any possibility of coverage. The question of whether the damage in 2009 was caused by the 2003 original construction or the 2007 repair is, therefore, a material question of fact.

Furthermore, to the extent that the trial court may have ruled that the damage originated with the 2003 construction, it erred. At the summary judgment stage, all evidence is to be viewed in the light most favorable to the non-moving party. *Progressive N. Ins. Co.*, 151 N.H. at 652. The party opposing summary judgment must put forth contradictory evidence under oath sufficient to indicate that a genuine issue of material fact exists. *Phillips v. Verax Corp.*, 138 N.H. 240, 243 (1994). Here, plaintiff Marc Brown's deposition testimony indicates that the ice and water shield applied by Spencer in 2007 may have actually exacerbated the problem by

trapping water in the wall. His testimony also indicates that Spencer's failure to properly repair the wall caused water to continue infiltrating and damaging the wall. Thus, the plaintiffs provided sufficient evidence to indicate that a genuine issue of material fact existed.

We now turn to the issue of whether there was an "occurrence" in this case. The policy provides coverage only for damage caused by an "occurrence." It is well-established that to constitute an "occurrence," the damage at issue must have been to property other than Spencer's work product. *See Concord Gen. Mut. Ins. Co. v. Green & Co. Bldg. & Dev. Corp.*, 160 N.H. 690, 693 (2010). The policy, however, merely defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." It gives no indication as to whether work product means all the work Spencer has ever done. Given that the explicit text of the policy contemplates separate work, we hold that, for the purpose of determining whether there was an "occurrence," work product also means discrete jobs demarcated by their completion. Therefore, Spencer's 2003 work and his 2007 work are separate work products.

Accordingly, the factual dispute as to whether the damage was caused by the 2007 repair work or the 2003 original construction of the house is material to whether the damage was caused by an "occurrence." If the 2007 work caused damage to the 2003 work, then the damage was caused by an "occurrence" because the 2007 work is not the same work product as the 2003 work. Conversely, if the damage at issue was actually caused by the 2003 work, then it was not caused by an "occurrence" because the damage was not to a separate work product.

We therefore hold that it was error for the trial court to grant summary judgment to Concord Group because what caused the damage — the 2003 work or the 2007 work — is a genuine issue of fact material to whether the policy provides coverage in this case.

*Reversed and remanded.*

CONBOY and LYNN, JJ., concurred.