Hillsborough, April 4, 1950. } No. 3866.

LILLIAN SZULC *v.* JOHN W. SZULC.

*McLane, Davis, Carleton & Graf* (*John R. McLane, Jr.* orally), for the libelant.

*Chretien & Craig* and *James A. Manning*, for the libelee.

KENISON, J.   While the testimony of the parties and their witnesses are in conflict, there is abundant evidence upon which the Court could find that libelee's drinking habits were the major cause of the eventual separation of the parties.   Prior to the present proceeding the libelant had instituted a libel for divorce on the ground of habitual drunkenness but a reconciliation was effected when the libelee promised to stop drinking and the libel was dismissed.   Thereafter the libelee, pursuant to his doctor's advice, "cut down for a while" but this advice, as well as that from a voluntary temperance organization, was heeded only a short time.

Although the libelee was industrious and drinking did not affect his employment, it caused the libelant much distress at home because it aggravated the libelee's condition of enuresis.   There was also evidence that the libelee, when drinking, used abusive and profane language toward the libelant and prevented her from sleeping.   As a result of this condition and conduct the libelant lost considerable weight, became tired and nervous and was a "complete wreck."   This was evidence upon which the Trial Court could find treatment seriously injurious to health.   R. L., *c.* 339, *s.* 6 *par.* V; *Geers* v. *Geers*, 95 N. H. 316.   "Divorce is not punishment of the offender, but relief to the sufferer."   *Robinson* v. *Robinson*, 66 N. H. 600, 610.

The libelant's testimony is attacked as unbelievable.   It is true that the description of her husband's sins of commission were usually prefaced with a firm "always" and his sins of omission with an emphatic "never."   It would be difficult and probably unwise to attempt to determine from the cold printed record whether this was a feminine manner of speech, an exaggeration or a misstatement.   Such determination in domestic relations cases are peculiarly within the province of the Trial Court who has the superior opportunity to observe and hear the testimony of the witnesses.   *Ballou* v. *Ballou*, 95 N. H. 105.   A statement of fact may be true even though its extent may be exaggerated.   The Presiding Justice was as free to accept one part of the testimony and reject the other (*Webster* v. *Webster*, 95 N. H. 416) as he was to reject it entirely.   *Franklyn* v. *Franklyn*, 93 N. H. 90.

The claim is made that any behavior by the husband which resulted in serious injury to the wife's health was condoned by her.   As a gen-

eral rule condonation of a cause for divorce is a conditional, and not an absolute, forgiveness, "the condition . . . being that the party at fault shall be guilty of no further misconduct." *Paille* v. *Paille*, 91 N. H. 249, 252. A repetition of the offense after condonation revives the original offense and makes it available as grounds for divorce. See *Cabral* v. *Cabral*, 323 Mass. 441; Anno. 98 A. L. R. 1354, 1359. Except for a brief period following the first separation, the husband's actions and conduct were substantially the same as in the past. Forgiveness is favored in the law because of its tendency to effect reconciliations but at the same time its conditional nature protects the innocent spouse's right to a divorce where the reconciliation is unsuccessful due to the guilty spouse's continued or future misconduct.

In the present case there was evidence to support the decree of divorce which did not compel a finding of condonation and the order is

*Exceptions overruled.*

All concurred.