Rockingham, } No. 4052.
Nov. 6, 1951. }

### DORINDA M. BUCK *v.* LOAMINI T. BUCK.

*William H. Sleeper, Robert Shaw* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the libelant.

*Russell H. McGuirk* (by brief and orally), for the libelee.

LAMPRON, J. The libelant in this case cannot contend any more than in *Geers* v. *Geers,* 95 N. H. 316, 317, that her pleadings "are model forms of unimpeachable clarity." They lack the necessary details as to "specific acts and dates relied upon to constitute a cause . . . for divorce." Superior Court rule 125 (93 N. H. appendix). And if objection had been made for that reason the libel would have had to be amended in those respects or dismissed. *Geers* v. *Geers, supra,* 317. However it alleges serious injury to libelant's health resulting from certain conduct on the part of the libelee which is the gist of the cause for divorce alleged therein. *Robinson* v. *Robinson,* 66 N. H. 600, 609.

Libelant testified that during her marriage to libelee her weight was reduced to eighty-four pounds from a normal of ninety-eight to one hundred pounds; that she had nervous spells when she "would start to shake and cry and laugh all at the same time"; and that she had to receive medical treatment therefor. Her testimony was corroborated by other witnesses including a doctor. She testified further that this condition resulted because the libelee did not earn money to pay their bills and insisted that she work and help to pay them although she preferred to stay home; also by reason of his general attitude toward her and his refusal to have children. This was evidence upon which the Trial Court could find treatment seriously to injure health. *Szulc* v. *Szulc,* 96 N. H. 190, 191.

Libelee's motions to dismiss were therefore properly denied and the order must be

*Exceptions overruled.*

All concurred.