Strafford,
No. 4690.

FRANCES M. MORGAN *v.* EDWARD J. MORGAN.

Argued November 6, 1958.
Decided November 28, 1958.

*Frank W. Peyser* for the libelant.

*Charles F. Hartnett* (by brief and orally), for the libelee.

WHEELER, J.  We are confronted with the problem inherent in divorce trials which the Trial Court encounters in evaluating the conflicting testimony offered by the parties and in determining which of the conflicting testimony is credible.  In drawing inferences as to human motives and feelings, the Trial Court, who sees and hears the witnesses, is in a more advantageous position to sift the wheat from the chaff than is this court relying only upon the cold printed record.  "In domestic relations cases testimony of the parties may be unconsciously colored by emotion and consciously slanted by vindictiveness.  To distinguish fact from assertion frequently requires the delphic powers of a judicial Solomon and the attainment of that objective should not be unduly diluted in the process of appellate review." *Ballou* v. *Ballou*, 95 N. H. 105.

It was findable that the parties went through a marriage ceremony performed by an Army chaplain on January 22, 1945, while the libelant was a patient in a hospital in Abilene, Texas.  After the termination of the libelee's military service, the parties subsequently returned to Rochester and set up housekeeping in a dwelling in which the libelee had an interest.  On July 3, 1948, the libelee arrived home at about 1:30 a. m. and attempted to pull the libelant out of bed and hit her several times.  He smashed some glasses on the floor and threw a flower pot at her.  Her face and lips were swollen.  At another time he poured water and tomato juice over her bed.  There was other evidence over a period of time of the use of obscene and abusive language toward the libelant and the children.  At other times the libelee made veiled references that he would take her life.  All this conduct caused her to become highly nervous and to lose weight.  She consulted two physicians, one who treated her for bruises and lacerations on her face as a result of the incident on July 3, 1948, and another who testified that her loss of weight and nervous condition was consistent with the treatment which she allegedly received from her husband.  There was much other evidence of wrangling and bickering between the parties which served to create an untenable family relationship.  The parties have been sleeping in separate rooms in the same household since prior to July 3, 1948, and have never resumed marital relationship.

It is the contention of the libelee that there was not a scintilla of evidence to substantiate the claims of the libelant and that her testimony was incredible. A finding that is contrary to all evidence will be set aside (*Pflug* v. *Pflug*, 92 N. H. 247); and unwarranted and prejudicial use of evidence by the Trial Justice which denies a fair trial constitutes reversible error. *Kennard* v. *Kennard*, 87 N. H. 320. However, we are satisfied after a careful consideration of the record, including the supporting testimony of the doctors, that the findings and rulings of the Trial Court were warranted. *Buck* v. *Buck*, 97 N. H. 178; *Szulc* v. *Szulc*, 96 N. H. 190.

The libelee further claims that the marriage was invalid. This contention requires little discussion. RSA 458:13 provides that the admission of a marriage by the libelee, the fact of cohabitation, or any other circumstantial or presumptive evidence from which the marriage may be inferred is competent evidence to be considered by the Court. See also, *Franklyn* v. *Franklyn*, 93 N. H. 90. There was ample evidence to sustain the Court's ruling that there was a valid marriage.

It is contended that even if a cause for divorce is made out, there has been condonation as a matter of law. Although the parties lived under the same roof, they slept in separate rooms, and there was no evidence that they resumed the marital relationship thereafter, nor is there any conclusive evidence that the libelant forgave her husband for his acts of mistreatment. *Gove* v. *Crosby*, 98 N. H. 469; *Paille* v. *Paille*, 91 N. H. 249, 252.

The libelee took numerous exceptions to the Court's permitting the libelant to testify what the children told her regarding their father's conduct toward them. This testimony was offered solely on the question of custody and in an effort to avoid calling the children. The Court limited the evidence for this purpose and advised counsel that the issues must be resolved on other testimony and not on hearsay evidence. The admitted testimony, as thus limited, did not violate the liberal rules of evidence in divorce actions in this jurisdiction. *Pflug* v. *Pflug*, 92 N. H. 247, 248.

It is urged that the Court failed to properly consider the crucial factors in the case presented for consideration by a number of the libelee's requests for findings and rulings. We are of the opinion that the Court's findings and rulings were sufficient to support the decree and were of such fullness and detail as to enable the libelee to fairly raise the issue of the correctness of the Court's conclusions of law. It follows the exceptions are overruled. *Tilton* v. *Sharpe*, 84 N. H. 393, 396.

Other exceptions appearing in the record have been considered and, although not enumerated in detail, disclose no error.

*Exceptions overruled.*

All concurred.