Rockingham
No. 85-179

## JEANNETTE C. ROUTHIER

v.

## ROLAND A. ROUTHIER

August 12, 1986

*John A. Macoul*, of Salem, by brief for the plaintiff.

*James J. Troisi*, of Salem, by brief for the defendant.

### MEMORANDUM OPINION

The Superior Court (*Gray*, J., acting on the report of a Master, *Stephanie T. Nute*, Esq.) granted a divorce and made orders award-

ing property and support. The defendant claims that there was insufficient evidence to sustain the court's finding that the defendant had injured the plaintiff's health and endangered her reason, and that the orders for property division and support were abuses of discretion. We affirm.

■■ I. Divorce for injuring health or endangering reason under RSA 458:7, V does not require proof that the defendant's conduct would have affected an average or reasonable person, but only that the plaintiff's health or reason was actually so affected. *Robinson v. Robinson*, 66 N.H. 600, 610, 23 A. 362, 365 (1891). Although the facts were disputed, there was evidence from which the master could find that in the course of the marriage the defendant admitted to affairs with other women, drank excessively, and was domineering, argumentative, and verbally abusive, all resulting in the plaintiff's need for counselling from 1966 to 1968 and after their separation in 1980. This evidence sustains the findings.

■ II. The defendant claims abuse of discretion in the award of the whole interest in the marital house to the plaintiff. Because this case was decided before *Hodgins v. Hodgins*, 126 N.H. 711, 497 A.2d 1187 (1985), the trial court was not required to make specific findings justifying any unequal division, and the order will be sustained if it can be found equitable on the total record. *See Grandmaison v. Grandmaison*, 119 N.H. 268, 271, 401 A.2d 1057, 1059 (1979).

Although the marital house and its furnishings were awarded to the plaintiff, a mobile home purchased with proceeds from the sale of assets acquired during the marriage was awarded to the defendant. Each party was awarded a family car; all stocks, bonds, savings and checking accounts, and the defendant's pension from his employment, were divided equally. The plaintiff assumed responsibility for mortgage payments on the marital house, while the defendant assumed responsibility for all other debts.

■ Even if we assume inequality in this distribution, there was no inequity under the circumstances of this case. The trial court found that the defendant's ability to support himself was superior to the plaintiff's ability; that there was need to provide for the plaintiff's future security, due to her limited earning capacity and lack of retirement benefits; and that the defendant was at fault. Such circumstances will justify an unequal distribution. *Hodgins, supra* at 714–15, 497 A.2d at 1189–90. There was no abuse of discretion in awarding the house to the plaintiff.

III. Nor was there any abuse in the $75 weekly alimony award. There was evidence that the defendant had gross earnings of $460 a week, while the plaintiff earned $160 and had limited potential to earn more. At the time of the hearing the defendant was living with a woman who contributed to their joint expenses. The alimony award was not unreasonable.

IV. Finally, the defendant contests the order that he provide a marital annuity to the plaintiff. This annuity was available under one optional form of the defendant's retirement benefits. As we read the record, the defendant agreed to provide it. There was no abuse of discretion in ordering it.

*Affirmed.*