Hillsborough-southern judicial district
No. 2008-186

### IN THE MATTER OF JONI GUY AND DANIEL R. GUY

Argued: February 12, 2009
Opinion Issued: March 5, 2009

*Francis G. Holland*, of Nashua, by brief and orally, for the petitioner.

*William Aivalikles*, of Nashua, by brief and orally, for the respondent.

DALIANIS, J. The respondent, Daniel R. Guy, appeals the final decree in his divorce from the petitioner, Joni Guy, which a Marital Master (*Forrest*, M.) recommended and the Superior Court (*Groff*, J.) approved. The respondent argues that the trial court erred when it granted the petitioner a fault-based divorce. The petitioner filed a cross-appeal, asserting that the trial court erred with respect to the division of a particular marital asset. We reverse in part, vacate in part and remand.

The record supports the following facts. The parties married in March 1987. The petitioner filed for divorce in March 2006, seeking a divorce on the grounds of conduct endangering her health and reason, adultery, and habitual drunkenness. *See* RSA 458:7, II, V, VII (2004). Alternatively, she sought a divorce on the ground of irreconcilable differences. *See* RSA 458:7-a (Supp. 2008).

The trial court heard the matter in December 2007. The court dismissed the grounds of habitual drunkenness and adultery, *see* RSA 458:7, II, VII, but granted the petitioner a divorce on the ground that the respondent had "so treated [her] as seriously to injure [her] health or endanger [her] reason." RSA 458:7, V. With respect to the parties' property settlement, the court determined that an equal division of their assets was equitable. The court specifically considered two factors that might favor an unequal division: (1) the respondent's fault in causing the breakdown of the parties' marriage; and (2) the value of his inheritance. Because these two factors "effectively cancel[led] each other out," the court concluded that dividing the parties' assets equally was equitable.

We first address the respondent's contention that the trial court erred by granting the petitioner a divorce on the ground of conduct that seriously injured her health or endangered her reason. RSA 458:7 provides, in pertinent part, that the trial court shall grant a divorce "in favor of the innocent party . . . [w]hen either party has so treated the other as seriously to injure health or endanger reason." RSA 458:7, V. This provision was first enacted in 1840. *See* Laws 1840, 573:1; *see also Robinson v. Robinson*, 66 N.H. 600, 609 (1891). "It was intended to provide for a divorce . . . where the conduct complained of did not fall within the established definition of extreme cruelty." *Robinson*, 66 N.H. at 609. Divorce upon the ground of extreme cruelty required proof of actual or threatened direct bodily injury; "[t]he infliction of mere mental pain, however seriously it might injure health or endanger reason, was not legal cruelty." *Id.* at 608. The sufferer of such conduct had no remedy at law. *Id.* at 608-09. While "[c]onstant, innumerable, and nameless indignities of speech and action, each possibly petty in itself, might cause mental anguish less endurable, more hurtful to physical well-being, and more likely to overturn reason, than any degree of pain produced by blows," and while this conduct "might make life intolerable and death welcome, . . . [it was] not legal cruelty." *Id.* at 609. "In consideration of this state of the law," in 1840, the legislature enacted the predecessor to RSA 458:7, V. *Id.*

The language of the current statute is nearly identical to that which was first enacted in 1840. Laws 1840, 573:1. In 1867, the language was amended slightly to clarify that the adverb "seriously" was intended to modify both "injure health" and "endanger reason." The 1867 version of the statute

allowed a divorce to be decreed: "V. When either party has so treated the other as seriously to injure health. VI. When either party has so treated the other as seriously to endanger reason." GS 163:3 (1867). Sections V and VI of the 1867 version of the law were later merged. *See* PL 287:6 (1926). They have remained so ever since. *See* RL 339:6 (1942); RSA 458:7 (1955).

The gravamen of a cause of action for divorce on this ground "is the injury to health and the danger to reason" suffered by the innocent spouse. *Robinson*, 66 N.H. at 609. "Whether the behavior proved is a sufficient ground of divorce depends on . . . whether it has seriously injured health or endangered reason. This is the sole test." *Id.* at 610.

"Any behavior of one party which affects the other physically or mentally is treatment within the meaning of the statute." *Id.* It does not matter whether the conduct was directed towards the innocent spouse or whether the guilty spouse engaged in the conduct with malevolent intent. *Id.* at 609-10.

While the statute does not require proof of conduct that would have affected an average or reasonable person, it does require proof that the health or reason of the complaining spouse was *actually* affected. *In the Matter of Gronvaldt & Gronvaldt*, 150 N.H. 551, 553 (2004). Whether the innocent party has been so treated is a question of fact to be determined by the trial court. *Id.* We will sustain its findings and rulings unless they are lacking in evidential support or tainted by error of law. *Id.*

In its narrative order, the trial court found that the following conduct seriously injured the petitioner's health or endangered her reason. In December 2005, the petitioner surreptitiously discovered the respondent's email password and accessed his e-mail account. She discovered that the respondent was exchanging e-mails with other women, including a former girlfriend. In their e-mails the respondent and his former girlfriend professed their love for one another, and, at times, their e-mails were sexually suggestive. When the petitioner discovered the e-mails, she felt "angry, upset, and distraught."

This kind of effect upon the petitioner's physical and mental health is insufficient, as a matter of law, to sustain a divorce under RSA 458:7, V. In cases involving a divorce granted upon these grounds, the effect upon the "innocent" spouse has been much more severe than mere anger and upset and the conduct in which the "guilty" spouse engaged was more brutal than merely e-mailing a former girlfriend. *See id.* at 553-54 (husband drank alcohol on a daily basis, was verbally abusive to wife, threatened to punch wife, exhibited uncontrolled anger and used scare tactics to intimidate wife, causing wife to suffer emotional distress and undergo counseling during

parties' marriage); *Routhier v. Routhier*, 128 N.H. 439, 440 (1986) (during marriage, husband admitted to having affairs with other women, drank excessively, and was domineering, argumentative and verbally abusive, which caused wife to seek counseling for two years in the 1960s and again after their separation in 1980); *Morgan v. Morgan*, 101 N.H. 470, 471 (1958) (husband hit wife, threatened to kill her, and used obscene and abusive language towards her, causing wife to become "highly nervous and to lose weight"); *Szulc v. Szulc*, 96 N.H. 190, 191 (1950) (husband drank heavily and used abusive and profane language, causing wife to lose considerable weight and to become "a complete wreck" (quotation omitted)).

 We hold that the respondent's conduct was insufficient, as a matter of law, to constitute treatment that seriously injured the petitioner's health or endangered her reason. RSA 458:7, V. Feeling "angry, upset and distraught" does not constitute either a serious injury to one's health or a serious endangerment to one's reason within the meaning of the statute. The conduct at issue did not do any harm to the petitioner's physical well-being. Nor did it cause her to suffer the type of "mental anguish" that the statute was intended to encompass. *Robinson*, 66 N.H. at 609. Accordingly, we reverse the trial court's decision to grant the petitioner a fault-based divorce under RSA 458:7, V.

Because the trial court specifically considered the respondent's fault in causing the breakdown of the parties' marriage when dividing the parties' assets, we vacate the court's property division. In light of this vacatur, we need not address the petitioner's issue in her cross-appeal. We remand for further proceedings consistent with this opinion.

> *Reversed in part; vacated in part; remanded.*

BRODERICK, C.J., and DUGGAN and HICKS, JJ., concurred.