# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0187, <u>In the Matter of Brian Balch and Karen Balch</u>, the court on October 10, 2019, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  The respondent, Karen Balch (Wife), appeals the final decree entered by the Circuit Court (<u>Mace</u>, J.) in her divorce from the petitioner, Brian Balch (Husband).  We affirm.

The trial court has broad discretion in divorce cases.  <u>See</u> <u>In the Matter of Gronvaldt & Gronvaldt</u>, 150 N.H. 551, 554 (2004).  We review its decisions on such matters under our unsustainable exercise of discretion standard.  <u>Id</u>. This means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011).

"Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence."  <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).  We will not substitute our judgment for that of the trial court.  <u>See</u> <u>Brent v. Paquette</u>, 132 N.H. 415, 419 (1989).  Nor will we reweigh the equities.  <u>In the Matter of Heinrich & Heinrich</u>, 164 N.H. 357, 365 (2012).

The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses.  <u>Kurowski</u>, 161 N.H. at 585.  Thus, we defer to its judgment on such matters.  <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009).  As the trier of fact, the trial court could accept or reject, in whole or in part, the testimony of any witness or party, and was not required to believe even uncontroverted evidence.  <u>Brent</u>, 132 N.H. at 418.  The trial court's factual findings are binding upon this court if they are supported by the evidence and are not legally erroneous.  <u>See</u> <u>Kurowski</u>, 161 N.H. at 585.

On appeal, Wife first challenges the trial court's denial of her request for a fault-based divorce.  Whether the irremediable breakdown of the marriage was caused by the fault of one of the parties is a factual question for the trial court.  <u>In the Matter of Mannion & Mannion</u>, 155 N.H. 52, 56 (2007).  Here, the

trial court determined that Wife failed to present "the court with any specific, credible facts that support fault grounds in this case," and that, based upon Husband's "credible testimony, the Court finds that irreconcilable differences led to the irremediable breakdown of the parties' marriage."

Wife next challenges the trial court's denial of her request for alimony. See RSA 458:19, :19-a (Supp. 2018). The applicable alimony statute provides, in relevant part, that the court may order term alimony if it finds that:

(a) The party in need lacks sufficient income, property, or both, including property apportioned in accordance with RSA 458:16-a, to provide for his or her reasonable needs, taking into account the marital lifestyle and the extent to which the parties must both fairly adjust their standards of living based on the creation and maintenance of separate households; or

(b) The party in need is unable to be self-supporting at a standard of living that meets reasonable needs through appropriate employment, or is allocated parental rights and responsibilities under RSA 461-A for a child of the parties whose condition or circumstances make it appropriate that the parent not seek employment outside the home or limit the hours of such employment; and

(c) The party from whom alimony is sought is able to meet his or her own reasonable needs, taking into account the marital lifestyle and the extent to which the parties must both fairly adjust their standards of living based on the creation and maintenance of separate households, while meeting the reasonable needs of the party seeking alimony.

RSA 458:19-a, I.

The trial court determined that it was "unable to credit [Wife's] claimed need and inability to earn more," finding that "she testified that she chooses to work only 2-3 days per week for a few hours at a time," while Husband credibly testified that she "historically worked more [and] earned more." The trial court also determined that Wife could not "base her alimony need on the fact that . . . the parties' adult son[ ] lives with her" because Husband "is not under a continuing obligation to support [the son]." Further, the trial court found that Wife "undermined her alimony claim when she admitted to spending significant sums of money on tobacco and pet food."

As the appealing party, Wife has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, Wife's challenges to it, the relevant law, and

the record submitted on appeal, we conclude that she has not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
