# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0353, <u>In the Matter of Barbara Bowman and Dennis Rooney</u>, the court on September 16, 2022, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Barbara Bowman (Wife), appeals the final decree of the Circuit Court (<u>Alfano</u>, J.) in her divorce from the respondent, Dennis Rooney (Husband). We affirm.

The trial court has broad discretion in determining matters of property distribution when fashioning a final divorce decree. <u>In the Matter of Gronvaldt & Gronvaldt</u>, 150 N.H. 551, 554 (2004). We review its decision under our unsustainable exercise of discretion standard. <u>See</u> <u>id</u>. This standard requires that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011). "Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence." <u>In the Matter of Braunstein & Braunstein</u>, 173 N.H. 38, 47 (2020). We will not substitute our judgment for that of the trial court. <u>Id</u>. Nor will we reweigh the equities. <u>Id</u>.

The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses. <u>Kurowski</u>, 161 N.H. at 585. Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve. <u>Id</u>. The trial court's factual "findings . . . are binding upon this court if they are supported by the evidence" and are not legally erroneous. <u>Id</u>.

On appeal, Wife first argues that the trial court's relatively equal distribution of the parties' assets and liabilities is inequitable, and that a distribution that "disproportionately favor[ed]" her would have been more equitable. (Bolding omitted). <u>See</u> RSA 458:16-a (2018).

In New Hampshire, by statute, "all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties," is subject to equitable distribution. <u>Id</u>.; <u>see</u> <u>In the Matter of Heinrich & Heinrich</u>, 164 N.H. at 359.

Under RSA 458:16-a, II, "an equal division of property is presumed equitable unless the trial court decides otherwise after considering one or more of the factors designated in the statute." In the Matter of Geraghty & Geraghty, 169 N.H. 404, 417 (2016) (quotation omitted). The statute lists factors that the court may consider, see RSA 458:16-a, II, and also permits the court to consider any other factor it deems relevant, see RSA 458:16-a, II(o); see also In the Matter of Sarvela & Sarvela, 154 N.H. 426, 431 (2006). The court need not consider all of the enumerated factors or give them equal weight. Geraghty, 169 N.H. at 417. Additionally, a trial court is not precluded from awarding a particular asset in its entirety to one party. In the Matter of Salesky & Salesky, 157 N.H. 698, 708 (2008).

The trial court considered the parties to have had a long-term marriage because the final divorce hearing took place approximately one month before their eleventh anniversary. The court found that Wife, who is 53, owns her own business, and that Husband, who is 60, is employed in sales. The court found that "both parties credibly testified that they contributed to the cost of the extensive repairs and improvements to" the marital home. Although Wife testified that she contributed more to the marital estate than Husband contributed, the trial court found that "both parties . . . made significant financial contributions" to it. The court also found that, although Wife runs her business alone, Husband contributed to it.

Regarding the marital home, the trial court ordered that Wife be awarded the first $28,000 of the equity in the home to credit her with the $17,000 down payment she provided when the parties bought the home and the $11,000 by which she reduced the principal of the parties' mortgage after the parties separated. The court ordered that the remaining equity in the home would be divided equally between the parties.

The trial court awarded Wife her business, free and clear of any claim Husband might have to it. The court valued the business at $67,000, the approximate value under the net asset approach to fair market value as set forth in the report prepared by the parties' joint expert. Having awarded Wife her business, the court determined it equitable to award Husband his retirement account, free and clear of any claim Wife might have to it. The found that Husband's retirement account is worth approximately $56,000.

The court awarded Husband the cash the parties had in a safe, estimated at $22,000, "in consideration for the cash Wife took from joint accounts as well as from the business and vacation accounts." The court also awarded the parties' bitcoin, valued at $10,800, to Husband "in consideration of other amounts awarded to Wife." The court further awarded Husband certain stock worth approximately $3,800. The court granted Husband's request to divide the parties' gold coins equally between the parties.

2

Wife asserts that the trial court erred by considering the parties' marriage to be a long-term marriage. She contends "that it is equitable to consider the length of the parties' marriage in this case to be . . . shorter-term," because the parties separated approximately nine years after they wed, and because the court gave too much weight to its determination that the parties had a long-term marriage. We disagree.

In discussing the length of a marriage, we have held that "[a] marriage of only one or two years may be considered differently than a long-term marriage of ten, twenty, or thirty years" because in a short-term marriage, it is easier to return the parties to their premarital financial positions. In the Matter of Sarvela & Sarvela, 154 N.H. 426, 431 (2006) (quotation omitted). However, we have not adopted a bright line rule that any marriage of fewer than ten years is a short-term marriage and any marriage of ten years or longer is a long-term marriage. Here, the trial court reasonably characterized the parties' marriage as "long-term" given that they married in July 2010 and separated in July 2019, and that the final divorce hearing took place in June 2021.

Nor have we held that a trial court must always treat a short-term marriage differently from a long-term marriage. See In the Matter of Munson & Beal, 169 N.H. 274, 278 (2016). The statute allows the trial court to order an "equitable division of property between the parties," RSA 458:16-a, II, and it "may not always be equitable to treat a short-term marriage differently from a long-term marriage." In the Matter of Munson & Beal, 169 N.H. at 278 (quotation omitted). Accordingly, regardless of whether the parties had a short-term or a long-term marriage, ultimately the question is whether the distribution ordered by the court is equitable.

To the extent that Wife contends that the property division is inequitable, in part, because of her "disproportionate financial contribution to the value of the marital estate," we observe that the trial court made no such factual finding, and we are not persuaded that the evidence would compel that finding. (Bolding omitted.) Nor are we persuaded that any other disparities that may have existed would compel an unequal division in Wife's favor. Regarding the weight that the trial court gave to the length of the parties' marriage, we defer to the trial court's determination as to which of the statutory factors to consider and how best to weigh them. See Geraghty, 169 N.H. at 417.

Wife next argues that she was entitled to more equity in the marital home than the trial court awarded her because, when the parties purchased the home in 2015, they used proceeds from the sale of a Massachusetts home she had purchased before the parties' married. She also argues that the court erred by awarding Husband the stock and bitcoin to offset the award to her of slightly more of the equity in the marital home. These arguments essentially ask us to reweigh the equities in this case, which is not our role on appeal. In the Matter of Braunstein & Braunstein, 173 N.H. at 47.

3

Wife next contends that the trial court erred by valuing the marital home as of the date of the parties' final divorce hearing instead of the date of their separation. As Wife acknowledges, the trial court has "wide discretion in determining the date on which a value should be placed on marital assets." In the Matter of Watterworth & Watterworth, 149 N.H. 442, 451 (2003) (quotation omitted). We cannot conclude that the trial court unsustainably exercised its discretion by valuing the marital home as of the date of the final hearing instead of the date on which the parties' separated.

Wife next asserts that the trial court unsustainably exercised its discretion by rejecting the opinion of the parties' joint expert that the fair market value of Wife's business is $54,000, and, instead, valuing the business at $67,000, which is the approximate value that the expert calculated under the net asset approach to fair market value. "[A]s the trier of fact, the trial court may accept or reject such portions of the evidence as finds proper, including that of expert witnesses." Shaw's Supermarkets v. Town of Windham, 174 N.H. 569, 573 (2021). We cannot conclude that the trial court's valuation of the business, which is supported by the expert's valuation of the business under the net asset approach, constitutes an unsustainable exercise of discretion.

Finally, Wife argues that the trial court's finding that she took money "from joint accounts as well as from the business and vacation accounts" is erroneous. We uphold this factual finding because the record supports it and it is not legally erroneous. See Kurowski, 161 N.H. at 585.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4