**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0488, In the Matter of Jonathan Merrill and Lea Merrill, the court on April 4, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(2). The petitioner, Jonathan Merrill (Husband), appeals an order entered by the Circuit Court (Lemire, J.) following a remand by this court for further proceedings related to property division and alimony. See In the Matter of Merrill & Merrill, 174 N.H. 195, 200-01 (2021). We affirm.

We draw relevant facts from the prior decision of this court, the trial court's order, and the record submitted on appeal. In the prior appeal, we determined that the trial court correctly excluded Lea Merrill's (Wife's) mother's condominium from the marital estate. Id. at 200. However, we determined that the court erred when it included assets owned by the JGM 2012 Trust—of which Husband is a beneficiary—in the marital estate. Id. at 198-99. As a result, on remand, the trial court was tasked with equitably dividing the marital estate exclusive of the Husband's interest in the JGM 2012 Trust. Id. at 200. On remand, the trial court: (1) conducted a new equitable division of the marital estate; and (2) determined a new alimony award.

The trial court also issued several orders addressing the parties' motions. One order, dated January 13, 2022, denied the Husband's Motion for Sanctions, Contempt and/or Other Relief. Another order, issued February 11, 2022, determined that the Husband would remain responsible for the obligations set forth in the Temporary Decree throughout the time that the first appeal was pending. This appeal followed.

The trial court has broad discretion in determining matters of property division and alimony when fashioning a final divorce decree. In the Matter of Gronvaldt & Gronvaldt, 150 N.H. 551, 554 (2004). It also has broad discretion in determining whether to grant or deny a motion for contempt. See In the Matter of Ndyaija & Ndyaija, 173 N.H. 127, 138 (2020). We review its decisions under an unsustainable exercise of discretion standard. Id.; Gronvaldt, 150 N.H. at 554. This standard requires that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. In the Matter of Kurowski & Kurowski, 161 N.H.

578, 585 (2011).  We will not substitute our judgment for that of the trial court or reweigh equities.  In the Matter of Braunstein & Braunstein, 173 N.H. 38, 47 (2020).  We interpret a trial court's order de novo.  In the Matter of Summers & Summers, 172 N.H. 474, 480 (2019).

The Husband argues that the trial court erred or unsustainably exercised its discretion by: (1) failing to consider the current value of the Wife's condominium in its property division or alimony decisions; (2) using property values and valuation dates established in the November 2019 Final Decree; (3) determining that alimony will automatically resume upon termination of Husband's short-term disability payments; (4) failing to consider Wife's lack of meaningful effort to be self-supporting and the marital lifestyle; (5) ordering installment payments of the cash equalization payment that exceed his ability to pay; (6) failing to reverse temporary orders that exceeded the court's authority and Husband's ability to pay; (7) incorrectly interpreting the support orders in effect during the first appeal; (8) denying Husband's motions for contempt without an evidentiary hearing and finding one of the motions baseless, frivolous, and in bad faith; and (9) failing to order that alimony would terminate upon remarriage, cohabitation, or death as was included in the "original Final Decree."

The Husband's first two arguments contend that the trial court should have considered the increased value of the Wife's condominium in its property division and alimony determinations.  We disagree.  The trial court conducted a thorough review of the law.  It articulated reasons for relying upon the various asset values as set forth in the prior Final Decree which were not vacated on appeal.  The trial court observed that the Husband sought to revalue only the condominium awarded to the Wife, but not real estate business assets awarded to him.  The trial court considered that our order remanding for further proceedings was silent regarding whether assets should be revalued on remand, "thereby affording the trial court discretion on remand to determine what proceedings are needed in order to comply with the Supreme Court mandate."  After extensively reviewing applicable New Hampshire law, the trial court found no explicit direction addressing the issue of a revaluation on remand, although it noted that other jurisdictions have addressed the issue.  Additionally, the trial court explained the various approaches to the issue, including maintaining the original values, vacating all values, and engaging in an expensive revaluation, or revaluing only those assets that were deemed in error on appeal.  The trial court concluded that it would use the values established in the original Final Decree because neither party challenged the values on appeal, and the "Supreme Court did not vacate based upon valuation."  We find no error in the trial court's analysis or conclusion.  In the Matter of Wolters & Wolters, 168 N.H. 150, 155 (2015) (trial court has discretion to determine the value of assets).

The Husband next argues that the trial court erred by ordering him to resume alimony payments upon the termination of his short-term disability benefits without requiring a further hearing on his ability to pay. The Husband presented limited evidence of his "present inability to work" after a successful surgery repaired his ruptured pectoral muscle. He presented a letter from a physician assistant that explained he could not return to work until cleared by his surgeon but presented no plans to follow up with his surgeon. The trial court also noted that no evidence supported the conclusion that the Husband could not resume working at the family business where he earned more than $188,000 annually and the "vast majority" of his duties do not require physical labor. The trial court also noted the "limited evidence that [Husband] is not receiving payment beyond the short-term disability benefits." In addition, the court noted the Husband's ability to draw upon the JGM 2012 Trust for his reasonable needs. Nevertheless, the trial court continued the previously ordered suspension of the Husband's alimony obligations on the condition that he provide weekly updates to the Wife of his "disability and other income" and "monthly bank account statements showing all sources of income." Only when his disability benefits end will the Husband begin paying the Wife the $3,000 monthly alimony obligation. On this record, the trial court did not err by ordering that he resume alimony payments upon cessation of his short-term disability payments without further hearing. See In the Matter of Dow & Dow, 170 N.H. 267, 269 (2017); In the Matter of Britton & Britton, 174 N.H. 702, 710 (2022).

Further, the Husband challenges the award of alimony to the Wife as overlooking the marital lifestyle, her lack of meaningful effort to be self-supporting, and his ability to pay given his obligation for making payments on the property division. The trial court reviewed in detail the parties' current financial circumstances, the length and circumstances of their marriage, their health, employment opportunities, and their ability to acquire future income and assets. Based on its determination to impute income to the Wife, and its review of the financial benefits available to the Husband, the court determined that the Wife needs alimony and the Husband can pay. The trial court's decision was a sustainable exercise of its discretion. See Marsh v. Marsh, 123 N.H. 448, 450-51 (1983).

Similarly, the Husband challenges the ordering of "installment payments" to the Wife for the property equalization payment when his ability to pay is "substantially limited by his ongoing expenses, disability, lack of liquid assets, and the ordered alimony amount." The trial court ordered an equalization payment of $178,318.61 to the Wife, payable by "a note bearing interest . . . amortized over four (4) years." The trial court specifically balanced the Wife's entitlement to be timely paid her share of the property settlement against the Husband's request that he be allowed to pay over time. We find no error in the trial court's decision. See In the Matter of Harvey & Harvey, 153

3

N.H. 425, 436-37 (2006), overruled on other grounds by In the Matter of Chamberlin & Chamberlin, 155 N.H. 13, 15-16 (2007).

Next, the Husband takes issue with the trial court's failure "to reverse the temporary orders and in failing to adjust or provide relief to him where the original orders exceeded the court's authority and exceeded his ability to pay those expenses." The Husband raised this issue in his first appeal. Merrill, 174 N.H. at 196. We remanded the issue to be considered together with the property and alimony issues because the Husband's temporary obligations were considered in the overall equitable division of the marital estate. Id. at 201. The trial court acknowledged that the Husband did not pay a $7,500 advance to the Wife as ordered. Accordingly, it did not account for the obligation in the overall property distribution on remand. Similarly, the trial court determined that the pre-filing credit card debt assigned to the Husband by the temporary order would remain a debt for which the Husband was responsible. We find no error in the court's treatment of the temporary orders.

The Husband also argues that the trial court "erred in its interpretation of the effect of the support orders in effect during the pendency of the first appeal, resulting in a confiscatory order." We disagree. The trial court explained that the initial "Final Decree" did not become operative due to the Husband's appeal, and therefore, the temporary orders remained in effect. Pursuant to Family Division Rule 2.29(B)(1)(d), the trial court did not err in determining that the temporary orders remained in effect during the pendency of the first appeal. See Fam. Div. R. 2.29(B)(1)(d).

In addition, the Husband challenges the trial court's denial of his Motion for Sanctions, Contempt and/or Other Relief, without a hearing. He alleged that the Wife falsely maintained a fault ground for divorce and withheld jewelry awarded to the Husband. He also claims that the trial court erred by not considering witness testimony from the parties' son and another individual, and erred in its award of attorney's fees to the Wife. We have reviewed the parties' pleadings relevant to these issues, and the court's orders thereon, and determine that the record supports the trial court's discretionary judgment to rule on the pleadings without holding a hearing or taking witness testimony. See In the Matter of Connor & Connor, 156 N.H. 28, 39 (2008) (trial court has broad discretion in managing the proceedings before it).

Finally, the Husband also argues that the trial court erred by omitting language from its order terminating alimony upon Wife's remarriage, cohabitation, or death. In its order on reconsideration, the trial court explained that the alimony order was intended to require 72 monthly payments. It declined to specify that the alimony terminates upon the death of either spouse because, citing Stebbins v. Stebbins, 121 N.H. 1060, 1063 (1981), "alimony generally does not continue if one of the parties dies." The

trial court noted that the Wife recognized that her cohabitation could justify a modification of alimony and it granted the Husband's request that the Wife promptly notify him if she begins cohabitating with a romantic partner or remarries. Otherwise, the court declined to order the automatic cessation of alimony in the event the Wife cohabitates or remarries. We find no error. See In the Matter of Arvenitis & Arvenitis, 152 N.H. 653, 655 (2005); Bisig v. Bisig, 124 N.H. 372, 376 (1983).

To the extent that the Husband challenges the trial court's orders on additional grounds, including that they violated his constitutional right to due process, we conclude that any such arguments are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MACDONALD, C.J., and BASSETT and HANTZ MARCONI, JJ., concurred.

**Timothy A. Gudas,
Clerk**