**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0416, <u>In the Matter of Heather Mackesy-Boyle and David Boyle</u>, the court on January 22, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The respondent, David Boyle (Husband), appeals a final divorce decree from the Circuit Court (<u>Steckowych</u>, J.) dividing marital real estate between himself and the petitioner, Heather Mackesy-Boyle (Wife). On appeal, Husband argues that the trial court erred as a matter of law and unsustainably exercised its discretion when it divided the marital real estate unequally. He argues that the trial court erroneously characterized the parties' ten-year marriage as a relatively short-term marriage, improperly weighed Husband's limited contributions towards upkeep of the marital home, and misapplied discretionary factors when dividing the marital real estate. We conclude that the trial court did not err. We affirm.

The trial court found and the record supports the following facts, or they are undisputed. Wife has resided in her home in Londonderry since 2003. She has been the sole owner of that home since 2009. In 2013, Wife and Husband married. Husband moved into the Londonderry home in 2014. During the nearly ten-year marriage, Husband lived in the Londonderry home for approximately six and a half years. During the years when Husband resided in the Londonderry home, he contributed to the carrying costs of the home, ranging from approximately forty to fifty percent of the aggregate costs of expenses and improvements, with limited exceptions when he paid more than half the cost for certain improvements. When Husband was living elsewhere, he paid nothing towards the Londonderry home.

In 2019, Wife and Husband jointly purchased a property in Ogunquit, Maine. They both contributed fifty percent to the down payment, both paid half of the expenses when they were jointly using the property, and it was deeded in both of their names.

In 2023, the trial court issued a final divorce decree. In that decree, the trial court determined the value of the Londonderry and Ogunquit properties. In considering the appraised value and the outstanding mortgage, the Londonderry home had $300,000 in equity. Wife also had obtained $32,000 in cash from refinancing the mortgage on the Londonderry home. The Ogunquit property had $88,000 in equity.

The trial court awarded the Londonderry home solely to Wife and the Ogunquit property solely to Husband. The trial court concluded that such division was consistent with the factors set forth in RSA 458:16-a (Supp. 2023), governing the distribution of marital property, due to the "relatively short term of the marriage, the significant length of time [Wife] has solely owned the [Londonderry] home, the limited contributions [Husband] has made in the 6 years he's occupied the [Londonderry home,] . . . the fact that while he was separated from [Wife during the marriage] . . . he paid absolutely no costs associated with the [Londonderry home, and because] he has not paid anything towards the home since . . . July 2021." Husband filed a motion for reconsideration. The trial court denied the motion. This appeal followed.

The trial court has broad discretion in determining matters of property distribution when fashioning a final divorce decree. In the Matter of Gronvaldt & Gronvaldt, 150 N.H. 551, 554 (2004). We review its decision under our unsustainable exercise of discretion standard. See id. This standard requires that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. See In the Matter of Heinrich & Heinrich, 164 N.H. 357, 365 (2012). If the court's findings can reasonably be made on the evidence presented, they will stand. Id. at 363. We will not substitute our judgment for that of the trial court. In the Matter of Kempton & Kempton, 167 N.H. 785, 799 (2015). Nor will we reweigh the equities. See Heinrich, 164 N.H. at 365.

"When a dissolution of a marriage is decreed, the court may order an equitable division of property between the parties." RSA 458:16-a, II. "The court shall presume that an equal division is an equitable distribution of property, unless the court . . . decides that an equal division would not be appropriate or equitable after considering" various factors, including "[t]he duration of the marriage," "[t]he actions of either party during the marriage which contributed to the growth . . . in value of property," "[t]he value of any property acquired prior to the marriage," and "[a]ny other factor that the court deems relevant." Id. The trial court need not consider all the enumerated factors or give them equal weight. Heinrich, 164 N.H. at 363-64. Further, a trial court is not precluded from awarding a particular asset in its entirety to one party. Id. at 364.

Husband argues that the trial court erred in two respects when it considered the length of the parties' marriage. Husband first argues that the trial court erred as a matter of law because it characterized the parties' ten-year marriage as "relatively short term." We disagree. "[W]e have not adopted a bright line rule that any marriage of fewer than ten years is a short-term marriage and any marriage of ten years or longer is a long-term marriage." In the Matter of Barbara Bowman and Dennis Rooney, No. 2021-0353 (non-precedential order at 2), 2022 WL 18446936 (N.H. Sept. 16, 2022). Husband

also asserts that the trial court unsustainably exercised its discretion when it considered the length of the parties' marriage as a factor supporting an unequal division of the marital real estate because, in this case, it is not possible to return the parties to their pre-marriage positions. We disagree. On the facts of this case, given the relatively short term of the marriage, the fact that Husband only lived in and contributed to the Londonderry home for approximately six and a half years, and Wife's pre-marital ownership of that home, the court acted within its discretion in attempting to return the parties to their pre-marriage positions by granting Wife sole ownership of the Londonderry home. Cf. Rahn v. Rahn, 123 N.H. 222, 224-25 (1983) (holding unequal division of nearly thirty-year jointly-owned marital home unwarranted, and citing precedent concluding that "long-term" marriages exceeding twenty years — during which spouses worked and lived in jointly owned homes — supported equal division of those homes). Accordingly, we cannot conclude that the court erred when it found the ten-year marriage to be "relatively short term" or when it considered the length of the marriage as a factor justifying unequal division of the marital real estate.

Husband further argues that the court erred when it considered his limited contributions to the upkeep of the Londonderry home after July 2021. He argues that he was merely following a court order which provided that Wife was responsible for the expenses of that home during that time. We disagree. RSA 458:16-a, II(f) permits the court to consider "[t]he actions of either party during the marriage which contributed to the growth . . . in value of property." In recognizing that Husband made no contributions to the Londonderry home after July 2021, the court accurately described the operative facts. Put another way, Wife made all the contributions to the upkeep of the Londonderry home during that time. Accordingly, the court did not err when it accurately described Husband's contributions to the Londonderry home.

Husband next argues that the evidence was insufficient to support the trial court's characterization of the facts supporting the decree. We disagree. The evidence supports the trial court's conclusion that Wife owned the Londonderry home for a "significant length of time." Wife testified that she has been the sole owner of that home since 2009. The evidence also supports the court's finding that Husband's contributions to the Londonderry home were "limited." Wife testified that Husband contributed to the upkeep of the home only during the approximately six and a half years that he lived there and that, with limited exceptions, he paid forty to fifty percent of the expenses attributable to the Londonderry home when he contributed. Wife's testimony is sufficient evidence that his contributions towards the total cost of the Londonderry home for the ten-year period were "limited." Finally, as we have addressed above, the trial court did not err when it characterized the marriage as "relatively short term." Accordingly, we conclude that the record establishes an objective basis sufficient to support the trial court's ruling and we will not disturb it. See Heinrich, 164 N.H. at 365.

3

Nonetheless, Husband argues that the trial court erred in balancing the equities when it divided the marital property. He argues that the trial court erred, first, because the statute presumes that an equal distribution is equitable and, second, because most of the statutory factors favor equal distribution. Further, Husband argues that, even if unequal distribution is warranted, an award of real estate with $300,000 in equity to Wife, in addition to the $32,000 in cash she was allowed to retain from the refinancing, as compared to an award of real estate with $88,000 in equity to Husband is so disproportionate as to be an unsustainable exercise of discretion. He also argues that the trial court gave "undue weight" to the amount of time that Wife owned the Londonderry home and too little weight to his contributions to the value of that home and other marital property. Based upon our review of the limited record before us, we disagree. We observe that, other than the marital real estate and a few small items not challenged on appeal, the trial court distributed the marital property in a manner consistent with what the parties agreed to in their testimony at the final hearing. With respect to Husband's challenge specifically to the distribution of the homes, although the statute contains a presumption in favor of equal division, RSA 458:16-a, II, that presumption can be overcome by "special circumstances" such as "a short marriage" and "a party's exclusive premarital possession of an asset that continues after the marriage," Hoffman v. Hoffman, 143 N.H. 514, 520 (1999). The trial court appropriately considered the duration of the marriage and Wife's pre-marriage ownership of the Londonderry home. To the extent that Husband argues the trial court unfairly weighed certain factors when it divided the marital real estate unequally and granted Wife proportionally more value in assets, we observe that the trial court is not required to consider every factor or give them equal weight. See Heinrich, 164 N.H. at 363-64. Husband asks us to reweigh the equities, and we decline to do so. See id. at 365.

In sum, the trial court weighed the proper factors and there is an objective basis in the record to support its decree. Husband has waived his remaining arguments, see Town of Londonderry v. Mesiti Dev., 168 N.H. 377, 379-80 (2015), or they otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993). Accordingly, we affirm.

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**